COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Annunziata

YZAVIA W. HANEY

v.      Record No. 1219-16-3

ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES

YZAVIA W. HANEY

v.      Record No. 1220-16-3

ROANOKE CITY DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
MARCH 21, 2017

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

(Yzavia W. Haney, *pro se*, on briefs[1]).

(Daniel J. Callaghan, City Attorney; Heather P. Ferguson, Assistant
City Attorney, on brief), for appellee.


Yzavia W. Haney is appealing an order that dismissed her appeal for lack of jurisdiction.

Haney argues that the trial court erred by (1) violating her due process rights and prohibiting her

from presenting evidence and (2) violating her due process rights and denying her "right to a neutral

judge." She further contends the transcript of the June 13, 2016 hearing is incomplete and

inaccurate. Upon reviewing the record and briefs of the parties, we conclude that these appeals

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother lists additional assignments of error in her reply brief. Rule 5A:20 describes the requirements for an opening brief, including the assignments of error. Rule 5A:22 states, "The reply brief, if any, shall contain argument in reply to contentions made in the brief of appellee." Rule 5A:22 does not allow an appellant to include new assignments of error. Therefore, this Court will not consider the additional assignments of error in the reply brief.

are without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

On May 17, 2012, the circuit court entered an order terminating mother's parental rights to her child, and on July 1, 2013, the circuit court entered a final order of adoption for the child. Mother exhausted her appeals to this Court and the Supreme Court of Virginia.

On March 24, 2016, mother filed a motion to reinstate the case in the City of Roanoke Juvenile and Domestic Relations District Court (the JDR court).  Then, on March 31, 2016, mother filed a motion to amend an order.  She asked the JDR court to restore her parental rights and grant her full custody of her child.  On April 26, 2016, the JDR court entered orders denying her motions due to lack of jurisdiction.  The orders further stated that the child had been adopted and mother's parental rights were terminated.  Mother appealed to the circuit court.

On June 13, 2016, mother and the Roanoke City Department of Social Services (the Department) appeared before the circuit court.  The Department moved to dismiss mother's motions and argued that the circuit court did not have jurisdiction over the matter.  After hearing arguments, the circuit court granted the Department's motion and dismissed mother's appeals due to lack of jurisdiction.  The circuit court entered an order memorializing its ruling on June 17, 2016.  The order stated:

> The Department of Social Services' Motion to Dismiss for lack of jurisdiction is granted on alternative grounds:  first, Ms. Haney has exhausted all potential remedies through appeals and second, Ms. Haney lacks standing as a "person with a legitimate interest" as her parental rights were involuntarily terminated by Order of the Roanoke City Circuit Court dated May 17, 2012, and her child was subsequently adopted by Order of the Roanoke City Circuit Court dated July 1, 2013.

These appeals followed.

ANALYSIS

*Assignments of error #1 and 2*

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted).

Contrary to mother's arguments, the circuit court did not violate her due process rights in the proceeding from which she is appealing.

Code § 16.1-241(A) states, in pertinent part:

> The authority of the juvenile court to adjudicate matters involving the custody, visitation, support, control or disposition of a child shall not be limited to the consideration of petitions filed by a mother, father or legal guardian but shall include petitions filed at any time by any party with a legitimate interest therein. A party with a legitimate interest shall be broadly construed and shall include, but not be limited to, grandparents, step-grandparents, stepparents, former stepparents, blood relatives and family members. A party with a legitimate interest shall not include any person . . . whose parental rights have been terminated by court order, either voluntarily or involuntarily . . . .

Therefore, according to Code § 16.1-241(A), mother was not a "party with a legitimate interest" because the circuit court had terminated her parental rights to the child and mother exhausted her appeals of that decision. The orders terminating mother's parental rights and approving the adoption are final and not subject to further review. Rule 1:1. She can no longer bring forward motions regarding the child. The circuit court did not err in concluding that it did not have jurisdiction over the matter.

*Assignment of error #3*

Mother argues that the transcript is incomplete because certain sections were not transcribed accurately.

According to Rule 5A:8(d),

> Any party may object to a transcript or written statement on the ground that it is erroneous or incomplete. Notice of such objection specifying the errors alleged or deficiencies asserted shall be filed with the clerk of the trial court within 15 days after the date the notice of filing the transcript (paragraph (b) of this Rule) or within 15 days after the date the notice of filing the written statement (paragraph (c) of this Rule) is filed in the office of the clerk of the trial court or, if the transcript or written statement is filed before the notice of appeal is filed, within 10 days after the notice of appeal has been filed with the clerk of the trial court. The clerk shall give prompt notice of the filing of such objections to the trial judge. Within 10 days after the notice of objection is filed with the clerk of the trial court, the judge shall:
>
> > (1) overrule the objection; or
> >
> > (2) make any corrections that the trial judge deems necessary; or
> >
> > (3) include any accurate additions to make the record complete; or
> >
> > (4) certify the manner in which the record is incomplete; and
> >
> > (5) sign the transcript or written statement.
>
> At any time while the record remains in the office of the clerk of the trial court, the trial judge may, after notice to counsel and hearing, correct the transcript or written statement.
>
> The judge's signature on a transcript or written statement, without more, shall constitute certification that the procedural requirements of this Rule have been satisfied.

Mother did not follow the procedure in Rule 5A:8(d) because the record does not reflect that she filed any objections with the clerk of the circuit court. Therefore, this Court will not consider her arguments.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.

- 4 -